## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| VALDO CASTILLO, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 1:23-cv-00802 Castillo |
| | § | |
| ZURICH AMERICAN | § | |
| INSURANCE COMPANY, | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND
## PETITION FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE:

Plaintiff Valdo Castillo files his Original Complaint against Defendant Zurich American Insurance Company and his Petition for Declaratory Relief, and would respectfully show the following:

### I.
### PARTIES

1.      Plaintiff Valdo Castillo is an individual who resides at 1149 Jones Road, Kingsbury, Guadalupe County, Texas.

2.      Defendant Zurich American Insurance Company is a New York Corporation with its principal place of business in Schaumburg, Illinois.  Defendant may be served with citation by serving its registered agent Melissa DeKoven, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833, or wherever she may be found.

### II.
### JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendant because this lawsuit arises out of and is connected with purposeful acts committed by Defendant in Texas.

4.      The Court has subject matter and diversity jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the minimum jurisdictional limits of this Court.[1]  Defendant has citizenship in New York and Illinois.  Plaintiff is a citizen of Texas.  Plaintiff seeks monetary relief of $1,000,000.00 or greater.

5.      Venue is proper in this district because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.[2]

### III.
### STATEMENT OF FACTS

6.      Defendant issued an insurance policy to Plaintiff's employer, Solomon Transformers, LLC, which provided coverage in exchange for premiums.  Plaintiff cites to and incorporates this insurance policy in his original complaint as Exhibit A – policy number BAP 8755298-00 ("Subject Policy").

7.      On October 16, 2020, the Subject Policy was in full force and effect.[3]  On October 16, 2020, an underinsured motorist failed to yield right of way at a stop intersection, was using his cell phone, pulled in front of Plaintiff's 18-wheeler, and caused a collision between his vehicle and the vehicle being operated by Plaintiff in the course and scope of his employment.  The wreck was fatal for the underinsured motorist and caused significant and lasting injuries, harms, and losses to Plaintiff.

8.      The underinsured motorist carried only $30,000.00 of liability insurance coverage.  The underinsured motorist offered to tender policy limits.  Plaintiff sought and obtained permission from Defendant Zurich to accept this tender.

---

[1] 28 U.S.C. §1332(a).
[2] 28 U.S.C. §1391(a), (b)(2).
[3] *See* Exhibit A at 27.

9.    Pursuant to the Subject Policy, Defendant is obligated to "pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured or property damage caused by an accident."[4] As an employee of Solomon Transformers, LLC who was in the course and scope of his employment and operating a covered auto, Plaintiff is an "insured" under the Subject Policy.[5]    The Texas Uninsured/Underinsured Motorists Coverage endorsement of the Subject Policy provides:

**B.    Who Is An Insured**
    If the Named Insured is designated in the Declarations as:...
    **2.**    A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
        **a.**    The Named Insured for "property damage" only.
        **b.**    Any person "occupying" a "covered auto."
        **c.**    Any person or organization for damages that person or organization is entitled to recover because of "bodily injury" sustained by a person described in **b.** above.[6]
                . . .

**F.    Additional Definitions**
    The following are added to the **Definitions** section and have special meaning for Uninsured/Underinsured Motorists Insurance:
    **1.**    "Covered auto" means an "auto":
        **a.**  Owned or leased by the Named Insured; ...

        Covered Autos Liability Coverage of this Policy must apply to the "covered auto".
        "Covered auto" includes "autos" (described in **a.** ... above) for which Uninsured/Underinsured Motorists Insurance has not been rejected in writing.[7]
                . . .
    3. "Occupying" means in, upon, getting in, on, out, or off.[8]
                . . .
    **5.** "Uninsured motor vehicle" means a land motor vehicle or "trailer" of any type:
                . . .
        **d.**  Which is an underinsured motor vehicle.  An underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident, but its limit of liability either:

---

[4] Exhibit A
[5] *Id.* at 36-37, 45, 65.
[6] *Id.* at 65.
[7] *Id.* at 67.
[8] *Id.*

3

> **(1)** Is not enough to pay the full amount the covered "insured" is legally entitled to recover as damages; or
>
> **(2)** Has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered "insured" is legally entitled to recover as damages.[9]
>
> ...

For an insured like Plaintiff who has sustained bodily injury caused by an uninsured/underinsured motorist, the Subject Policy provides:

> **2.** With respect to damages resulting from an "accident" with a vehicle described in Paragraph **d.** of the definition of "uninsured motor vehicle," we will pay under this coverage only if **a.** or **b.** below applies:
>
> **a.** The limit of any applicable liability bonds or policies has been exhausted by payment of judgments or settlements; or
>
> **b.** A tentative settlement has been made between an "insured" and the insurer of the vehicle described in Paragraph **d.** of the definition of uninsured motor vehicle", and we:
>
> **(1)** Have been given prompt written notice of such tentative settlement; and
>
> **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.[10]

10.     Plaintiff is entitled to recover from Zurich damages which exceeded the coverage of the underinsured motorist.

11.     On April 18, 2023, Plaintiff made a written demand to Defendant to make payment under the coverage Defendant is contractually obligated to provide. Defendant's deadline to respond was May 19, 2023. Defendant has not made or offered any payment of UIM benefits. Accordingly, Plaintiff files this complaint and petition seeking declaratory relief.

**IV.**
**BREACH OF CONTRACT**

12.     Plaintiff incorporates the above Statement of Facts. As a direct and proximate result of the negligence of the underinsured driver on October 16, 2020, Plaintiff is legally entitled to the contractual benefits due under the UIM policy for his damages. Plaintiff is legally entitled to

---

[9] Exhibit A at 67.
[10] *Id.* at 64.

recovery from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by him, a covered person, caused by the subject collision.  In this respect 1) Plaintiff suffered bodily injury damages as a result of the subject motor vehicle collision; 2) Plaintiff is a covered person under the UIM policy provided by Defendant; and 3) Plaintiff is legally entitled to recover damages from the owner or operator of an "underinsured motor vehicle" because of bodily injury and pain and suffering that Plaintiff sustained.

13.    Plaintiff has fully complied with all the conditions of the subject UIM insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Plaintiff provided Defendant Zurich American Insurance Company with all documentation, records, bills and expenses necessary for Defendant Zurich American Insurance Company to investigate, accept or reject the UIM claims.  Plaintiff is entitled to his UIM benefits and Defendant Zurich American Insurance Company's failure to pay constitutes a breach of contract.

### V.
### PETITION FOR DECLATORY RELIEF

14.    Under the Texas Uniform Declaratory Judgment Act, "a person interested under a deed, will, written contract, or other writing constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach." [11]

15.    Plaintiff is a "person" as defined under the UDJA seeking declaratory relief against Defendant to establish Plaintiff's rights and status under the underinsured motorist policy at issue

---

[11] Tex. Civ. Prac. & Rem. Code 37.001 *et seq.*

in this lawsuit. Specifically, Plaintiff seeks a declaratory judgment establishing the respective rights and duties of Plaintiff and Defendant under the Policy.

16.     Declaratory relief is necessary and appropriate at this time in order that Plaintiff may ascertain his rights under the Policy.

## VI.
## DAMAGES

17.     As a direct and proximate result of the underinsured motorist's negligence, Plaintiff sustained injuries, harms, and losses. Plaintiff is entitled to recover the amounts of his harms and losses he sustained under the UIM coverage issued by Defendant. Plaintiff is further entitled to have each element of his injuries, harms, and losses considered separately by the trier of fact, including:

     a.    Physical pain and suffering in the past;

     b.    Physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future;

     c.    Mental anguish sustained in the past;

     d.    Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

     e.    Physical impairment sustained in the past;

     f.    Physical impairment that in reasonable probability, Plaintiff will sustain in the future;

     g.    Physical disfigurement sustained in the past;

     h.    Physical disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

     i.    Medical expenses sustained in the past;

     j.    Medical expenses that, in reasonable probability, Plaintiff will sustain in the future;

k.    Loss of earning capacity sustained in the past; and

l.    Loss of earning capacity sustained in the future.

## VII.
### JURY DEMAND

18.   Plaintiff demands a trial by jury.

## VIII.
### ATTORNEYS' FEES

19.   Because this is a diversity case, state law governs the award of attorneys' fees.

20.   Pursuant to Texas Civil Practice & Remedies Code Chapters 37 and 38, Plaintiff is entitled

to recover reasonable attorneys' fees incurred in this litigation.

## IX.
### PRAYER

20.   For these reasons, Plaintiff prays that Defendant be cited to appear and answer and that on

final trial Plaintiff have judgment against Defendant·for:

a.    An order declaring the parties' rights under or directing the Defendant's
performance under the Policy of Insurance;

b.    All actual damages, general and special, to which Plaintiff shows himself to
be justly entitled;

c.    Pre-judgment and post-judgment interest to the extent allowed by law;

d.    Reasonable and necessary attorney's fees and all cost incurred in this
lawsuit; and

e.    Such other and further relief, at law or in equity, to which Plaintiff may
show itself to be justly entitled.

Respectfully submitted,

THOMAS J. HENRY LAW, PLLC

JAMES P. LAMEY
FBN 3015462
SBN 24094072
P.O. Box 696025
San Antonio, Texas 78249
T.  210-656-1000
F.  361-985-0601
E.  jlamey-svc@tjhlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on July 17, 2023, a true and correct copy of the foregoing instrument was served in accordance with the Federal Rules of Civil Procedure.

JAMES P. LAMEY